UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:
PATRICIA ANN MOORE MARTINEZ

NO. 19-14951 MDC
CHAPTER 7

TRUSTEE'S MOTION TO HOLD RAMON MARTINEZ IN CONTEMPT
FOR VIOLATION OF THE AUTOMATIC STAY [11 U.S.C. §362(a)] AND OF
THE OBLIGATIONS OF A CUSTODIAN OF ESTATE PROPERTY [11 U.S.C. §543]

1. Movant is Lynn E. Feldman, Trustee of the Bankruptcy Estate of Debtor, Patricia Ann Moore Martinez.

2. Respondent is Ramon Martinez, who resides in Premises at 1431 S. Broad Street, Philadelphia, PA.

3. Debtor and Respondent are the owners of the So. Broad Street Premises; titled as tenants by the entireties.

4. Debtor and Respondent are parties to an action in Divorce filed prior to the Debtor's Petition for Relief, pending in the Court of Common Pleas of Philadelphia, PA, Case No. D19088442 ("Divorce Action").

5. Debtor has been aware of the Debtor's bankruptcy filing since the case inception; and certainly since the appointment of Trustee.

6. In the Divorce Action, the parties thereto seek equitable distribution of marital property, including the Premises.

7. Debtor is claiming "federal" exemptions under 11 U.S.C. §522(b)(2). Accordingly, Debtor's interest in marital property, including the Premises, is property of the Bankruptcy Estate ("Estate Property'). [11 U.S.C. §541]

8. Respondent has retained possession of the Premises to the exclusion of all others including Debtor and Trustee.

9. The Premises and other marital property is property of the Bankruptcy Estate that Trustee my sell, lease, or constructively use. [11 U.S.C. §363 (e), (f), (g), and/or (h)]

10. Respondent has acted to obtain and retain exclusive possession of Estate Property and has continued to act to exercise control thereof.

11. Respondent, despite exclusive possession has refused, and continues to refuse,

to pay on an obligation of he and Debtor, secured by a mortgage on the Premises, or otherwise account for the value of his continued use and occupancy of the Premises; thereby diminishing the equity value of the Premises.

12. Debtor has failed to fairly cooperate with Trustee's efforts to market and sell the Premises by, *inter alia,* interfering with the marketing and showing of the Premises by Trustee's realtor, insisting upon unreasonable marketing and pricing of the Premises, and failing to cooperate with Trustee's participation in the Divorce Action as is necessary and proper with regard to equitable distribution of marital assets.

   a) There appears to be a PFA in favor of Debtor in the Divorce Action. However, Debtor personally is not involved with the enforcement of Trustee's rights and obligations and would have no direct contact with Respondent.

13. Respondent has impaired, and continues to impair, the value of the Bankruptcy Estate's interest in the Premises and marital property.

14. Solely in consequence of Respondent's actions and inactions, Trustee has incurred actual damages, expenses, including legal fees, loss of value of the Estate Property, and other costs and expenses.

15. Respondent's conduct is in willful violation of: (a) the automatic bankruptcy stay [11 U.S.C. §362(a)(3); and (b) turnover of Estate Property [11 U.S.C. §543(a) and/or (b)].

WHEREFORE, Trustee seeks an Order against Respondent finding him in violation of the Bankruptcy Code as set forth above and:

   a) Finding him in willful violation of the automatic stay and liable for the Trustee's actual damages and losses including but not limited to diminution of the value of Estate Property, court costs, legal fees and other expenses as may be incurred, along with punitive damages, [11 U.S.C. 362(k)(1)]; and/or

   b) Impose a surcharge upon Respondent's share of marital property, as the same may be determined, to reimburse the Bankruptcy Estate of all amounts for which

Respondent is held accountable and liable. [11 U.S.C. §543(c)(3)];

   c) As well as for such other relief as is just and equitable.

Date: Nov. 5, 2019

GERSHMAN LAW OFFICES PC

_____
Howard Gershman
For Trustee
610 York Road, Ste. 200
Jenkintown, PA 19046
215.886.1120